IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| ISAAC BOSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-CV-1019 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (insufficient process) and 12(b)(1)(lack of subject matter jurisdiction).

When considering facial challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  Exhibits attached to the pleadings are considered part of the pleadings. Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

In a factual challenge to subject matter jurisdiction, extraneous evidence may be considered to determine whether subject matter jurisdiction exists. <u>United Phosporus Ltd. v. Angus Chemical Co.</u>, 322 F.3d 942, 946 (7th Cir. 2003).

At issue here is Plaintiff's "Motion to be Discharged Medically from Active Duty–Pending Legislation," which is construed as a Complaint (d/e 1). For his relief, the plaintiff requests a medical discharge and compensatory damages in an unspecified amount. He also seems to seek the correction of his military records in regards to "excess leave."

An attachment to his Complaint titled "report of separation from active duty" shows that he was discharged from the army in October 1975 "under other than honorable conditions." The report is not signed by Plaintiff ("separatee unavailable for signature") and also notes that it is "pending completion of appeTlate [sic] Review." Another attachment shows that Plaintiff applied for correction of his military record on February 28, 2006, asserting that he had been improperly discharged or "released, case pending."[1] A letter from the Department of Army, also attached to the Complaint, denied Plaintiff's 2006 request, construing it as a request for

---

[1] Plaintiff appears to assert that "pending" means that he was never finally discharged and is therefore still in the army.

reconsideration of a decision by the Army Board for Correction of Military Records ("ABCMR") in April 1998, which denied Plaintiff's request to upgrade to a medical discharge. The letter notes that further requests for reconsideration would not be considered, but informed Plaintiff that he had "the option to seek relief in a court of appropriate jurisdiction." (underline in original omitted).

## I.   Service of Process on United States

Defendant is correct that Fed. R. Civ. P. 4(i) requires service on the U.S. Attorney General in Washington, D.C., and the U.S. Army, in addition to the U.S. Attorney's district office. Accordingly, this Court will direct service in accordance with Rule 4(i) concurrent with making this Recommendation. *See* Fed. R. Civ. P. 4(c)(3).

## II.  Subject Matter Jurisdiction

The Court realizes that service has not yet been effected under Rule 4(i), *see* Vano v. U.S., 181 F.Supp.2d 956, 958 (N.D.Ind. 2001)(court lacks jurisdiction if Rule 4(i) not met), but the Court will address Defendant's arguments on subject matter jurisdiction so the case will be ready to move forward once service is complete.

Defendant construes Plaintiff's allegations as claims for back pay or disability pay. This is a reasonable interpretation since he seeks an upgrade in his military discharge and asks for "compensatory damages."[2]

Plaintiff does not specify how much money he seeks, but the Court agrees with Defendant that the District Court lacks jurisdiction over claims for back pay or disability pay to the extent Plaintiff seeks more than $10,000, because the United States Federal Court of Claims has exclusive jurisdiction over those claims. 28 U.S.C. § 1491; Clinton v. Goldsmith, 526 U.S. 529, 540 n. 13 (1999). Such claims must therefore be dismissed for lack of subject matter jurisdiction, to the extent Plaintiff pursues them. The Court does not recommend a discretionary transfer to the Federal Court of Claims because of the Court's discussion on the statute of limitations below. 28 U.S.C. § 1631.

To the extent Plaintiff's money claims against the U.S. are for less than $10,000[3], he may be proceeding under 28 U.S.C. § 1346(a)(2)(the "little Tucker Act"), which provides districts courts with jurisdiction

---

[2]The allegations do not give rise to any inference that Plaintiff is pursuing tort claims that might fall under the Federal Tort Claims Act.

[3]Presumably Plaintiff could file an amended complaint specifically seeking less than $10,000, so the Court addresses this possibility.

concurrent with the Federal Claims Court.[4]  Appeals are exclusively within the jurisdiction of the Federal Circuit, not the Seventh Circuit.  28 U.S.C. §1295(2); Bray v. U.S., 785 F.2d 989, 990 (Fed. Cir. 1986).  Federal Circuit precedent is thus instructive.

Defendant argues that the District Court lacks jurisdiction over any little Tucker Act claims because the six year statute of limitations has run.  The Court agrees.

In a case like this, the statute of limitations is "jurisdictional" in the sense that the U.S. has not waived its sovereign immunity for claims outside the limitations period.  See John R. Sand & Gravel Co. v. U.S., 128 S.Ct. 750, 753 (2008)(discussing two different kinds of statute of limitations and holding that 28 U.S.C. §2501 setting 6 year limit on suits against U.S. in the Court of Federal Claims is jurisdictional in the sense that it cannot be waived and requires a sua sponte determination) (28 U.S.C. § 2501)[5]; *see also* Bray, 785 F.2d at 992 (discussing different

---

[4]The applicable "money-mandating" statutes that provide Plaintiff's causes of action are 10 U.S.C. Section 1201 (regarding claim for disability pay) and 37 U.S.C. Section 204 (regarding claim for back pay).

[5]There is not a consensus on whether 28 U.S.C. 2401(a) is "jurisdictional."  *See* Sand & Gravel Co., 128 S.Ct. 750, 760-61 (2008)("Courts of Appeals have divided on the question of whether Section 2401(a)'s limit is 'jurisdictional.'")(J. Ginsburg, dissenting).  The Federal Circuit appears to treat Section 2401(a) as "jurisdictional," but it is not entirely clear whether that means the motion should be brought under Rule

meanings of "jurisdiction); Crawford v. U.S., 796 F.2d 924, 928 (7th Cir. 1986)(time limit on FTCA suits, 28 U.S.C. § 2401(b), is jurisdictional and subject to dismissal under 12(b)(1) rather than 12(b)(6)).  Because the statute of limitations on the pay claims is jurisdictional in that sense, Defendant's motion to dismiss falls under Fed. R. Civ. P. 12(b)(1)(lack of subject matter jurisdiction) rather than 12(b)(6).  Accordingly, the Court may consider the administrative record submitted by Defendant without converting the motion to a summary judgment motion.  See Crawford, 796 F.2d at 928.

The statute of limitations for Plaintiff's claims is six years after the claims accrues.  24 U.S.C. § 2401(a).[6]  "In a military discharge case, . . .

---

12(b)(1) or 12(b)(6).  See Chaney v. United States, 75 Fed. Cl. 206, 210-212 (2007)(discussing cases and concluding that a motion to dismiss as time-barred should be treated as a 12(b)(1) motion); cf. Grass Valley Terrace v. U.S., 69 Fed.Cl. 341, 346-48(2005)(recounting Fed. Circuit's inconsistent treatment and holding that motion to dismiss on limitations comes under 12(b)(6), not 12(b)(1)).  The Court believes that a Rule 12(b)(1) motion, though certainly not a perfect fit, is a better fit than a motion for summary judgment or a 12(b)(6) motion that the court converts to a summary judgment motion.  A motion for summary judgment determines whether disputed questions of fact exist for trial, but whether the U.S. has waived its sovereign immunity is not a question for trial.  It is a question that must be determined by a court at the outset, before further proceeding with the case, with the court resolving factual disputes.  See Crawford, 796 F.2d at 928-29 (which involved Section 2401(b), not 2401(a), but its reasoning is instructive).

[6]28 U.S.C. Section 2401(a) states in relevant part: ". . ., every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

[the Federal Circuit Court of Appeals] and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." Martinez v. U.S., 333 F.3d 1295, 1303 (C.A. Fed. 2003). A claim for disability pay, in contrast, generally accrues when "the appropriate board either finally denies the claim or refuses to hear it." Chambers v. United States, 417 F.3d 1218, 1223 (Fed. Cir. 2005).

Even without considering the administrative record, the attachments to Plaintiff's Complaint show that his discharge under other than honorable conditions and his calculation of "excess leave" occurred on the date of his discharge in 1975, over 30 years ago. Id. Thus, Plaintiff's claims for back pay, which would be based on his claim that he is still in the military and that the excess leave was improper, are barred by the statute of limitations.

As for Plaintiff's claim for disability pay, which is construed from his request to upgrade to a medical discharge, the Court does need to consider the administrative record submitted by Defendants. That record shows that Plaintiff first applied to the ABCMR for a medical discharge in 1996, and the ABCMR denied the application in April 1998. (d/e 9, administrative record pp. 30-32; 39-50). Thus, the six year limitation would

have run in 2004.  *See*  Chaney v. United States, 75 Fed. Cl. 206, 213 (2007)(requests for reconsideration do not toll the statute of limitations).

Plaintiff appears to allege that he could not bring suit earlier due to his inability to find an attorney and his imprisonment of unspecified date and duration.  The Court agrees with Defendant that these difficulties would not support equitable relief from the statute of limitations, assuming for purposes of this Recommendation that equitable relief is available.  See Sand & Gravel Co., 128 S.Ct. at 753 ("The Court has often read . . ." jurisdictional statutes of limitations as not waivable and precluding "equitable considerations.") [7]  These difficulties make it harder to pursue legal action, but they do not preclude one from doing so or from knowing a

---

[7]The Court does not believe that Plaintiff's allegations are fairly read as seeking judicial review under the Administrative Procedure Act, 5 U.S.C. Section 704.  *See* Soble v. Army Bd. of Correction of Military Records, 1998 WL 60771 (N.D. Ill. 1998)(judicial action seeking retroactive promotion dismissed for lack of jurisdiction because action accrued in 1959, gravamen of complaint was discharge and failure to promote, not Board's denial of reconsideration)(not reported in F.Supp).  The six year statute of limitations would apply to that claim, too, leaving only the ABCMR's 2002 and 2006 refusal to reconsider its 1998 decision on the grounds of untimeliness.  Assuming arguendo that these decisions are final decisions subject to judicial review, the review would be only to determine whether the refusal to reconsider Plaintiff's request as untimely was "arbitrary, capricious or not based on substantial evidence."  *See* Chappell v. Wallace, 462 U.S. 296, 303 (1983); Smith v. Harvey, 458 F.3d 669 (7th Cir. 2006).  Plaintiff could not obtain the relief he seeks–an medical discharge and pay.

claim exists.[8]  See Martinez, 333 F.3d at 1319-20 (no equitable tolling where former captain was aware of injury he suffered on separation from active duty and defendant did not conceal its acts).

In short, the District Court does not have jurisdiction over this case, either because jurisdiction lies exclusively within the Federal Claims Court or because Plaintiff's claims are barred by the statute of limitations.  Thus, the Court will recommend dismissal for lack of jurisdiction.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss (d/e 9) be granted and this case be dismissed for lack of jurisdiction.  The Court is directing service pursuant to Fed. R. Civ. P. 4(i) concurrent with the entry of this Recommendation.   The Court will further direct that a copy of this Recommendation be mailed again to Plaintiff and Defendant after Defendant notifies the Court that service has been completed under Rule 4(i) or is waived.  That mailing shall constitute service of a copy of this Recommendation pursuant to 28 U.S.C. § 636(C).

---

[8]The Court notes that these difficulties did not preclude Plaintiff from pursuing, *pro se*, his remedies with the ABCMR in 1979, 1986, 1996, and 2006. The administrative record also reflects that Plaintiff's address in 1979, which would have been within the 6 years, was not a prison but an apartment.  (d/e 9, administrative record p. 96).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation pursuant to the paragraph above. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   October 6, 2008

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE