**E-FILED**
Wednesday, 29 October, 2008  10:52:08 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ISSAC BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-1019 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

On October 6, 2008, Magistrate Judge Byron G. Cudmore filed a Report and Recommendation in the above captioned case, recommending that Defendant's Motion to Dismiss [#9] be granted.  More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objection has been made.  See 28 U.S.C. ▪ 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.  Therefore, the parties have waived any such objection.  Id.

At issue here is Plaintiff's "Motion to be Discharged Medically from Active Duty-Pending Legislation."  For relief, Plaintiff requests a medical discharge and compensatory damages in an unspecified amount.  The Court concurs with the analysis of the Magistrate Judge and finds that even if there was proper service and even if Plaintiff has not pleaded himself out of federal court and into the Court of Claims, this Court would still lack subject matter jurisdiction because Plaintiff's claims are barred by the statute of limitations.

The statute of limitations for Plaintiff's claims is six years after the claim accrues. 28 U.S.C. § 2401(a) ("every civil action commenced against the United States shall be barred

unless the complaint is filed within six years after the right of action first accrues".)  The attachments to Plaintiff's Complaint show that his discharge under other than honorable conditions and his calculation of "excess leave" occurred on the date of his discharge in 1975, over thirty years ago.  Thus, Plaintiff's claim for back pay, which would be based on his claim that he is still in the military and that the excess leave was improper, would be barred by the statute of limitations.

The Court also construes that Plaintiff's Complaint asserts a claim for disability pay. For this claim, the Court can consider extraneous evidence to determine whether subject matter jurisdiction exists. See United Phosporus Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).  Therefore, the Court can consider the Administrative Record that the Defendant submitted. The Administrative Record shows that Plaintiff first applied for a medical discharge in 1996 and was denied in 1998.  Thus, the six-year limitation would have run in 2004.  The Court agrees with the Magistrate Judge that there is no equitable reason to extend the statute of limitations for either claim.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation [#13].  The Court GRANTS Defendant's Motion to Dismiss [#9].  The above-captioned case is DISMISSED for lack of jurisdiction.

ENTERED this 28th day of October, 2008.

s/ Michael M. Mihm_____
Michael M. Mihm
United States District Judge